ANTHONY W. BECKER and Another v. PHILIP CALMENSON.[1]

November 29, 1907.

Nos. 15,439—(80).

**Statute of Frauds—Order for Goods to be Made—Parol Evidence.**

An order for the sale of goods, as reduced to writing by the salesman, was addressed to respondents at Chicago, and contained the words: "Sold to Philip Calmenson, Montevideo, Minn." Then followed certain figures under their respective headings, designating lot, quality, price, and quantity purchased, and the sum total price. The writing also contained the words: "This order not subject to cancellation." It was not

[1] Reported in 113 N. W. 1014.

signed by appellant, and no mention was made in it as to terms of payment, except that the terms were to be as before. *Held:*

1. That, so far as the writing indicated anything, it purported to be a sale of goods already manufactured, amounting to more than $50, and was void under the statute of frauds, because not signed by the party to be charged therewith. Parol evidence was competent to prove that respondents were manufacturing clothiers only, that appellant had transacted business with them as such for a number of years, and that the contract was not in fact for the sale of goods already manufactured, but was an order for goods to be manufactured specially for appellant according to certain sizes, designs, and quality.

2. The contract as written was so incomplete and indefinite that parol evidence of the contemporaneous conversations and transactions between the parties was admissible in order to determine whether a valid contract had been entered into.

3. The trial court erred in striking out all testimony as to conversations between the parties prior to the time the order was reduced to writing.

Action in the district court for Chippewa county to recover $128.30 upon a contract. The case was tried before Qvale, J., who directed the jury to return a verdict in favor of plaintiffs for $128.30. From an order denying his motion for a new trial, defendant appealed. Reversed.

*C. A. Fosnes* and *Markham & Calmenson,* for appellant.

*Lyndon A. Smith, Clarence J. Silber,* and *Wheeler, Silber & Isaacs,* for respondents.

LEWIS, J.

The complaint alleges that May 16, 1905, appellant ordered of respondents goods, wares, and merchandise to be specially manufactured for him, of the value of $746.50. This action is brought to recover damages for a repudiation of the contract by appellant. The answer admitted the giving of an order for certain goods, denied that the same were to be specially manufactured, and alleged that when the order was given it was agreed between the parties that appellant should be privileged to examine goods of like character handled by other firms and cancel his order with respondents if he so desired, and that the order was duly canceled in pursuance of such agreement. The trial court directed a verdict for respondents.

In order to make out a cause of action respondents introduced in evidence the written order of the salesman who represented them. It was addressed to respondents at Chicago, dated May 16, 1905, and contained the words: "Sold to Philip Calmenson, Montevideo, Minn." Then follow certain figures under the headings: "Lot," "Quality," "Price"—and certain other figures intelligible to a clothing merchant. At the bottom of the column, under the head of "Price," is written the sum total, "$746.50," and in the body of the order are the words: "This order not subject to cancellation." No time of delivery was mentioned, but it contained the words: "Terms as before." The order was not signed by appellant, and was received in evidence over the objection of appellant that it was void under the statute of frauds, because upon its face it purported to be a contract for the purchase of goods amounting to more than $50 and was not signed by the party to be charged therewith. Respondents then introduced evidence over objection to the effect that the contract was not one for the sale of goods, but for the purchase of goods to be specially manufactured, and was not void within the statute of frauds, and was controlled by Schloss v. Josephs, 98 Minn. 442, 108 N. W. 474. It was further shown by respondents that they accepted the order, and duly notified appellant to that effect, on or about June 1, and that they thereupon immediately began the manufacture of the goods, and continued until June 15, when appellant canceled the order.

Appellant admitted having received notice of the acceptance of the order on or about June 1, but testified that it was agreed between him and the agent, at the time the order was taken, that respondents should forward to him samples of the goods ordered, that he should have an opportunity to compare the same with samples from another house, and that he should have the privilege of canceling the order if he found the goods of the other house superior. Appellant testified that he received the samples from respondents about June 12, at once compared them with those received from the other house, decided to cancel the order, and thereupon wrote a letter to that effect June 15. Respondents moved to strike out all testimony with respect to the conversation which took place between appellant and the salesman prior to the time the order was written out. The court granted the motion and directed a verdict for respondents.

A mere inspection of the writing shows that it does not contain the elements of a complete contract. It was a mere memorandum of an order for goods, written down by the salesman, not signed by the purchaser, and to make out a contract between the parties parol evidence was required to show that appellant authorized it, that respondents accepted it, what the terms of payment were, and the time of delivery. To a clothing merchant the figures as shown by the writing would no doubt be intelligible as to sizes and quality, but there is nothing to indicate that the goods were not already manufactured. In order to make out a case it became necessary for respondents to prove by parol evidence that the order as written was not in fact what it purported to be, and the trial court properly ruled in admitting such evidence. The order, as written, does not come within that class of writings which, although manifestly incomplete, yet excludes parol evidence inconsistent therewith. Appellant denies that he authorized the salesman to introduce into the order a statement that it was not subject to cancellation. Not having signed it himself, it cannot be conclusively presumed, even though he was furnished a carbon copy of the order, that appellant was bound by whatever conditions the salesman wrote down. Evidence of the whole transaction was admissible, in order to determine what, if any, contract was concluded, and the trial court erred in striking out the testimony of appellant.

It appears from the order denying the motion for a new trial that the court below based its decision in refusing a new trial upon the additional ground that it appeared conclusively from the evidence that the order was accepted by respondents, and became a binding contract between the parties, which could not thereafter be canceled. This view of the case assumes that there was no evidence tending to prove that appellant reserved the right to cancel the order after he should receive the samples and have an opportunity to compare them with samples from another house. If the testimony of appellant in this respect was true, then it cannot be said, as a matter of law, that he did not cancel the order within reasonable time after receiving the samples.

Reversed.